```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                :
HARRY BERROA,                   :
                                :
           Petitioner,          :    Civ. Action No. 16-2298 (NLH)
                                :
      v.                        :    OPINION
                                :
JORDAN HOLLINGSWORTH,           :
                                :
           Respondent.          :
_____:
```

APPEARANCES:

Harry Berroa, No. 62268-066
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

Elizabeth Ann Pascal, Esq.
John Andrew Ruymann, Esq.
Office of the U.S. Attorney
District Of New Jersey
401 Market Street
Camden, NJ 08101
    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Harry Berroa ("Petitioner"), a prisoner presently incarcerated at the Federal Correctional Institution ("FCI") at Fort Dix in Fort Dix, New Jersey, filed this Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, challenging an institutional disciplinary decision that resulted in, inter alia, a loss of good time credits. ECF Nos. 1 (petition), 5 (amended petition). Respondent submitted an Answer, ECF No. 9, and Petitioner submitted his Reply thereafter, ECF No. 10. The

Petition is now ripe for disposition. For the reasons that follow, the Petition will be denied.

**I.  BACKGROUND**

On December 18, 2008, Petitioner was sentenced in the U.S. District Court for the Eastern District of Pennsylvania to sixty months' imprisonment with a three-year term of supervised release for interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951, and a consecutive 120 months' imprisonment with a five-year term of supervised release for using and carrying a firearm, in violation of 18 U.S.C. § 924(c). ECF No. 9 at 4-5.

On May 28, 2015, while Petitioner was incarcerated at the Federal Correctional Institution at Fort Dix in Fort Dix, New Jersey, Incident Report No. 2720398 was issued charging him with Possession of a Hazardous Tool, a violation of Code 108. See ECF No. 9-2 at 13-14. The incident report provides as follows:

> While conducting routine rounds with Lieutenant Lewars in Unit 5711, we entered bathroom 346 to conduct a shakedown. All visible inmates exited. Lieutenant Lewars demanded any inmate still present to make himself know [sic] with no response. Upon further inspection we discovered an inmate in the last stall facing the window. The inmate exited the stall and submitted to a pat search. I entered the stall and discovered (1) White Nokia Smartphone with a battery pack behind the toilet. Inmate Berroa was the only inmate in the stall at the time, leaving him in constructive possession of the smartphone.

Id. at 13.

On May 28, 2015, at approximately 8:41 p.m., the incident report was delivered to Petitioner. Id. Petitioner was advised of his right to remain silent during the disciplinary process but stated to the investigating staff member that, "No one was in the bathroom when I came out, I was not in the last stall, and the phone is not mine." Id. at 13-14. Per the incident report, the investigating staff member referred the incident report to the Unit Discipline Committee ("UDC") for a hearing due to the seriousness of the infraction. Id. at 13.

On June 1, 2015, the initial hearing was held before the UDC. Id. at 13. At the hearing, Petitioner gave the following statement, "No one was in the bathroom when I came out. I was not in the last stall. The phone is not mine." Id. at 14. The initial hearing notes provide that "Inmate was afforded the opportunity to call witnesses on his behalf and refused." Id. The UDC concluded that Petitioner had been appropriately charged with a violation of Code 108 and referred the case to the Discipline Hearing Officer ("DHO"). Id. If Petitioner were found guilty, the UDC recommended a loss of good conduct time and a loss of all privileges. Id. at 13. Petitioner was advised that day of his rights before the DHO. See ECF No. 9-2 at 16. Petitioner did not request a staff representative or witnesses in the proceedings before the DHO. See id. at 18.

An initial DHO hearing was held on July 9, 2015. The DHO remanded the incident report for correction of spelling and date errors. ECF No. 9-2 at 20.

A revised incident report was written on July 11, 2015 and issued to Petitioner on July 12, 2015. ECF No. 9-2 at 22. A comparison of the original and revised incident reports demonstrates that Section 11 of the incident report, the description of incident, was not revised to include additional facts. Id. The only edits made were to fix typographical errors. Id.

A second UDC hearing was conducted on July 17, 2015 based on the revised incident report. Id. at 22. At that hearing, Petitioner stated, "None of that happened. The DHO told me he expunged this shot at the last hearing. None of that happened." Id. Due to the severity of the incident report, the UDC referred the case to the DHO. Id. If Petitioner were found guilty, the UDC again recommended a loss of good conduct time credits and a loss of all privileges. Id. Petitioner was again advised that day of his rights before the DHO. See ECF No. 9-2 at 25. Petitioner did not request a staff representative or witnesses. See ECF No. 9-2 at 27.

On August 11, 2015, the DHO reconvened the hearing. See ECF No. 9-2 at 29. At the hearing, Petitioner admitted that he was in the area where the cell phone was found but denied that

he was in the last stall.  Id.  Petitioner also denied that it was his cell phone and he stated that he did not know who owned the cell phone.  Id.  Based on all the evidence, the DHO determined that Petitioner committed the prohibited act as charged.  Id. at 30.  The DHO relied upon the incident report, staff memoranda, and photographs of the cell phone.  Id. at 31.  The DHO noted that Petitioner did not deny he was in the area where the cell phone was recovered and that the evidence established that Petitioner was the only inmate in that area at the time.  Id.

The DHO sanctioned Petitioner with a loss of 40 days of good conduct time, a thirty day loss of email privileges, and a sixty day loss of telephone privileges.  Id. at 32.  The DHO found that these sanctions were warranted because possession of a cell phone in the institution threatens the health, safety, and welfare of the inmate, other inmates, and staff.  Id.  The DHO officer noted that cellular phones have been used to plan and execute escapes and seriously injure inmates and staff.  Id.

In his Petition, Petitioner states that "there was nothing linking myself to any contraband" other than the fact that he was found in a common area of the bathroom.  ECF No. 1 at 6.  In addition, he states that the written infraction was rewritten three times and the third version was not presented to him by a lieutenant, which is required by BOP policy.  Id.  Petitioner

5

states the because of the delay in the proceedings, the time for any sanctions to be issued had elapsed.  Id. at 7.  Also, in Petitioner's reply, he more generally asserts that the evidence was insufficient to show that he committed the charged infraction.  ECF No. 10 at 1.  Petitioner requests that the forty days of good conduct time he was docked be reinstated and his record expunged.  ECF No. 1 at 7.

## II. DISCUSSION

### A. Legal Standard

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, including challenges to prison disciplinary proceedings, that affect the length of confinement, such as deprivation of good time credits.  See Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973); Muhammad v. Close, 540 U.S. 749 (2004); Edwards v. Balisok, 520 U.S. 641 (1997); Wilkinson v. Dotson, 544 U.S. 74 (2005).  A challenge to a disciplinary action resulting in the loss of good conduct time is properly brought pursuant to § 2241, "as the action could affect the duration of the petitioner's sentence."  Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008).

### B. Analysis

Petitioner is challenging the results of a prison disciplinary hearing where he was found guilty of violating Code

6

108, possession, manufacture, or introduction of a hazardous tool, and sanctioned with the loss of forty days of good conduct time as well as the loss of certain email and telephone privileges.

Prisoners are guaranteed certain due process protections when a prison disciplinary proceeding may result in the loss of good time credits. See Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). The due process protections afforded an inmate must include (1) a written notice of the charges at least twenty-four hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense; (3) an opportunity to receive assistance from an inmate representative; (4) a written statement of the evidence relied on and the reasons for the disciplinary action; and (5) appearing before an impartial decision making body. See Crosby v. Piazza, 465 F. App'x 168, 171-72 (3d Cir. 2012) (citing Wolff, 418 U.S. at 563-71). Additionally, the revocation of good time does not satisfy the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record. Lang v. Sauers, 529 F. App'x 121, 123 (3d Cir. 2013) (citing Superintendent v. Hill, 472 U.S. 445, 454 (1985)). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or a weighing of the evidence.

Id. (citing Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989)). The standard is simply whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. (quoting Hill, 472 U.S. at 455-56).

It appears, and he does not allege to the contrary, that Petitioner was provided with all the due process safeguards identified in Wolff. Petitioner received written notice of the charges against him at least twenty-four hours prior to the hearings, ECF No. 9-2 at 13, 22, 29; he had an opportunity to call witnesses and present evidence in his defense, which he declined, id. at 16, 18, 25, 27; he had an opportunity to receive assistance from a representative, which he also declined, id. at 16, 18, 25, 27, 29; he received a written statement of the evidence relied on and the reasons for the disciplinary action; and he appeared before an impartial decision-making body, id. at 29-32. See Wolff, 418 at 563-71.

Petitioner does argue that some of the BOP's own procedures were not followed during the investigation and disciplinary proceedings, such as the reissuing of the incident report to correct typographical errors and the fact that the revised version was not presented to Petitioner by a lieutenant. However, Petitioner fails to demonstrate how these alleged procedural defects could constitute a due process violation by demonstrating prejudice. A technical issue of non-compliance

with BOP regulations does not violate due process, and a procedural error at a disciplinary hearing is only actionable if the petitioner suffers prejudice resulting from the error. See Millhouse v. Bledsoe, 458 F. App'x 200, 203 (3d Cir. 2012); Obiegbu v. Werlinger, 488 F. App'x 585, 586 (3d Cir. 2012) (citing Wilson v. Ashcroft, 350 F.3d 377, 380–81 (3d Cir. 2003)). The Court finds no merit to Petitioner's argument premised on technical, procedural defects because Petitioner has failed to demonstrate or identify any prejudice resulting from the alleged defects.

Petitioner also argues that the decision of the DHO to revoke forty days of his good conduct time was not supported by the record. A review of the record demonstrates that the DHO relied on the Incident Report, the investigation, the memoranda dated May 28, 2015 from Lieutenant Lewars and Officer Cossentino, the chain of custody log dated May 28, 2015, and photographs of the cellular telephone and battery charger when making the decision. See ECF No. 9-2 at 30-31. During the investigation and the hearings, Petitioner admitted that he was in the area in which the officers were searching but denied that he was in a bathroom stall or that the cellular telephone was his. Id. The DHO noted that Petitioner did not deny that he was in the area of the cellular telephone when the staff members arrived, and that when the officers conducting the search

requested that any inmate in the bathroom make their presence known, Petitioner did not acknowledge his presence to the officers.  Id.  The DHO also noted that Petitioner was discovered in the last stall of the bathroom by Lieutenant Lewars, who inspected the stall after Petitioner exited it and discovered a cellular telephone lodged underneath the toilet wrapped in toilet paper.  Id.  Certainly, there was some evidence in the record to support the DHO's conclusion that Petitioner had constructive possession of the cellular telephone and thus violated Code 108, because Petitioner did not identify himself to the officers when asked to do so and was the only inmate discovered in the stall in which the cellular telephone was found.  See, e.g., Solomon v. Warden, FCI Fairton, 506 F. App'x 147, 150 (3d Cir. 2012) ("In the absence of direct evidence indicating an inmate's guilt of possession, the 'some evidence' standard may be satisfied by application of the constructive possession doctrine in limited circumstances where a small number of inmates are potentially guilty of the offense charged.").  Petitioner's due process rights were not violated, and he is not entitled to habeas relief.

Finally, to the extent Petitioner also argues that the loss of forty days of good time credit violates the Eighth Amendment because it is "grossly disproportionate" to the severity of the offense, see Rummel v. Estelle, 445 U.S. 263, 271-74 (1980), the

Court notes that it is within the range of available sanctions for a violation of Code 108.  See 28 C.F.R. § 541.3.  See also Shelton v. Jordan, 613 F. App'x 134, 135 (3d Cir. 2015) ("[g]iven the severity of [petitioner's] offenses, and because the sanctions fall within the applicable range permitted by the regulation, we conclude that the punishment here did not violate the Eighth Amendment").  Additionally, the Court of Appeals for the Third Circuit has affirmed the imposition of the loss of forty days of good time credit in a situation similar to Petitioner's where the petitioner was alleged to be in constructive possession of a cell phone discovered in an area to which the petitioner had access.  See Solomon v. Warden, FCI Fairton, No. 11-cv-1269, 2012 WL 266368 (D.N.J. Jan. 30, 2012), aff'd 506 F. App'x 147 (3d Cir. 2012).  As such, the Court finds that the sanction imposed on Petitioner did not violate the Eighth Amendment.

**III. CONCLUSION**

For the reasons set forth above, the Petition will be DENIED.  An appropriate Order follows.


Dated: April 2, 2019           s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.